## TIRCUIT v. GOTTLIEB.
### No. 1248.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1933.

Dupont & Dupont, of Plaquemine, and Fred G. Benton, of Baton Rouge, for appellant.

J. Y. Sanders, Jr., and Ben R. Miller, both of Baton Rouge, for appellee.

ELLIOTT, Judge.

Thomas Tircuit substantially and in effect alleges that he purchased an automobile from Lewis Gottlieb by authentic act dated June 10, 1932. That Lewis Gottlieb is engaged in trade under the name of Standard Motor Car Company. That he was entitled to a new automobile; finding some marks and scratches on the one delivered to him his father, Thomas Tircuit, Sr., representing him, brought it to Baton Rouge and requested Gottlieb to substitute another automobile in its place. He alleges that Gottlieb agreed to do so; that he returned to Gottlieb the automobile that had been delivered to him in the sale, but Gottlieb, not having at the time another automobile with the same finish as the one he returned, expected a carload of automobiles in a few days and they therefore agreed that petitioner should wait the arrival of the shipment and select therefrom a new automobile to take the place of the one returned. That in a few days he received notice from Gottlieb that the carload of new automobiles had arrived and to come and get the one that he was to receive in the exchange. That he sent his brother to get it, but Gottlieb refused to let him select another automobile and refused to return the one that had been left with him in the exchange.

Plaintiff claims in his petition to be the owner of the automobile sold to him on June 10, 1932, but in another part of his petition he alleges that Gottlieb, previous to the suit, had tortiously converted it to his own use. He prays in the alternative, in case the automobile which he claims cannot be returned to him, that he then, in that event, recover $1,326.14 as its value, with damages set out in his petition.

The defendant for answer substantially alleges that plaintiff is not the owner of the automobile described in his petition; admits that it was sold and delivered to him, but alleges that plaintiff was not satisfied with it and brought it back, and that they entered into an agreement to substitute another one in its place, and pursuant to this agreement it was returned to him. He alleges that as a result of said exchange agreement and return of the automobile which had been sold to the plaintiff, the sale was canceled. He then alleges that the cash consideration contemplated in the act of sale was a certificate of the Louisiana highway commission for $714.43, taken in the sale upon a discount of 20 per cent., making a net sum of $571.74. That there was also received as cash an old automobile belonging to plaintiff, at a valuation of $500, subject to a mortgage of $189.41. That the cash price was thus made up of a highway commission certificate valued at $571.74 and an old automobile valued at $500, subject to a mortgage of $189.-

41. That the balance of the price was on credit and represented by ten notes each for $25.44, payable monthly, a total of $1,326.14. That he was represented in the sale by Atkinson, his agent, who supposed the certificate which he received was a highway certificate. That a highway certificate had a cash value of about 80 cents on the dollar. That when he came to examine the certificate received, it turned out to be a certificate of participation in the proceeds of the State of Louisiana Highway Bonds, Series F, Certificate No. 414, which had no value at all. That he failed to examine the certificate which had been delivered to his salesman and did not discover that it was a participation certificate until after the exchange had been agreed on and after the plaintiff had been notified to come and get the automobile to which he was entitled under the exchange. That when he discovered that the certificate received was not a highway certificate as he had supposed but a participation certificate, which was an entirely different matter, he refused to carry out the exchange, and prayed that plaintiff's demand be rejected.

There was judgment in favor of the defendant, and plaintiff has appealed.

The petition of the plaintiff and the answer of the defendant contain averments not stated because it would serve no purpose to do so. It is the same as to an exception and an amendment to plaintiff's petition. There is no dispute as to the important facts, and both sides give substantially the same statement. The undisputed testimony and admitted facts make the issue different in some respects from that set out in the pleadings. In acting on the case we take the admitted and undisputed facts received and developed on the trial, without objection, for our guide.

Lewis Gottlieb, trading under the name of the Standard Motor Car Company represented by his salesman Atkinson, sold and delivered to the plaintiff, Thomas Tircuit, Jr., represented by his father, Thomas Tircuit, Sr., a Dodge automobile manufactured in the year 1932, style four-door sedan, make of engine Dodge Serial No. 3567277, engine No. D L 10713, for the price of $1,326.74. The sale was by authentic act which bears date June 10, 1932. The sum of $1,071.74, said in the act to have been paid in cash, was not paid in cash, but by the delivery of a certificate which both parties supposed was a highway certificate for $714.43 at an agreed price of $571.74 and an old automobile belonging to Thomas Tircuit, Jr., at a valuation of $500 subject to a mortgage of $189.41. The balance of the price in amount $254.40 was on credit and represented by ten promissory notes each for $25.44, payable monthly. The automobile sold to Tircuit, Jr., was delivered the same day, but plaintiff after using it three or four days, became dissatisfied, on account of some marks and scratches which he found on the body and fender, causing him to think he had not received a new car to which he was entitled. So his father, Thomas Tircuit, Sr., acting with the consent of the plaintiff, took the automobile back to Baton Rouge, called on Gottlieb, and requested another automobile in its place.

Mr. Gottlieb, after inspecting the automobile which had been delivered by his agent to the plaintiff, agreed with Thomas Tircuit, Sr., that he was entitled to a new car, and Mr. Tircuit, authorized by his son to do so, and acting in his son's name, and Gottlieb acting for himself, then and there agreed that the automobile sold plaintiff on June 10, 1932, might be, and it was there and then, returned to Gottlieb, and Gottlieb received it as owner and agreed on his part that plaintiff should have a new automobile in place of the one returned. There was no new sale, and no new price; another automobile was to be substituted for the one returned. The agreement in effect amounted to an exchange. Gottlieb did not, at the time, have a suitable automobile in stock, but was expecting a carload of automobiles in a few days, so it was agreed that plaintiff should wait for the new shipment to arrive, and when it would come, he was to select therefrom another automobile in place of the one returned. Thomas Tircuit, Jr., carried out the exchange agreement on his part there and then by returning to Gottlieb the automobile described in the act of sale. Under the agreement Gottlieb became owner of the returned automobile and Thomas Tircuit, Jr., became owner of one of the new automobiles to arrive, delivery to abide its arrival and selection. But after this agreement had been entered into and after the new automobile had arrived and plaintiff had been notified to come and get his automobile, Gottlieb discovered that the certificate for $714.43 which Atkinson, his agent, had received, understood, and supposed to be a highway certificate worth $571.74 in cash, was not such in fact, but a participation certificate having no market value. Plaintiff claimed that defendant was too slow about examining the certificate which had been delivered to his agent a week or more before the discovery was made.

Mr. Atkinson had brought the certificate to Baton Rouge and defendant's bookkeeper had placed it in defendant's safe, but defendant did not examine it at the time. Just before the plaintiff's brother arrived to make the selection and receive the automobile he was to receive in the exchange, Gottlieb took the precaution to look at the certificate and at once discovered that it was not what he had authorized his agent to take nor what he had supposed it to be.

Thomas Tircuit, Sr., who delivered the certificate to Atkinson, seems himself to have

looked on it as a highway certificate at least worth as much as one of that kind, and to have not been aware that it had no value.

█ It appears from their testimony on the subject that Thomas Tircuit, Sr., and Atkinson, defendant's agent, were both in error as to the object which was received as cash. Both parties supposed that it was a highway certificate, which, if true, would have had a cash value of $571.44, when it was in fact another kind of certificate, which kind had no value; consequently there was no price to the extent of $571.74 at which it was taken in the sale. The error of Atkinson was the error of Gottlieb, with Gottlieb continuing in the error until he discovered his mistake at the time and in the way stated.

The Civil Code, art. 1843, provides: "There is error as to the substance, when the object is of a totally different nature from that which is intended. Thus, if the object of the stipulation be supposed by one or both the parties to be an ingot of silver, and it really is a mass of some other metal that resembles silver, there is an error bearing on the substance of the object."

Article 1844:

"The error bears on the substantial quality of the object, when such quality is that which gives it its greatest value.

"A contract relative to a vase, supposed to be of gold, is void, if it be only plated with that metal."

Article 1881:

"Engagements made through error * * * are not absolutely null, but are voidable by the parties, who have contracted under the influence of such error * * * or by the representatives of such parties."

Plaintiff avers in one article of his petition that he is entitled to have the same automobile that he returned to Gottlieb, and in another, that defendant has tortiously converted it to his own use. The evidence shows that Gottlieb had a right to sell the automobile returned to him, and had sold it before the present suit was brought. Plaintiff argues in his brief that defendant got possession of his automobile under an agreement which obligated him either to return it or to substitute a new one in its place, and that if defendant has any remedy it is necessary for him to assert it in a direct action against the plaintiff to rescind the sale.

In view of the admitted and undisputed facts we find this position to be not well taken. "An exchange takes place by the bare consent of the parties." Civ. Code, art. 2661.

It is provided, Civ. Code, art. 2667, "All the other provisions relative to the contract of sale apply to the contract of exchange."

In this connection Civil Code, articles 2456 and 1909, must be considered and taken into account. The exchange agreement entered into was effective between the parties, Civ. Code, arts. 1901 and 1965.

In this case the stipulated cash price to the extent of $571.74, due to the mutual error of the parties, did not exist and cannot be considered as having been paid.

"The seller is not bound to make a delivery of the thing, if the buyer does not pay the price and the seller has not granted him any term for the payment." Civ. Code, arts. 2487 and 2562.

The plaintiff of his own free will and accord returned to and reinvested defendant with the ownership of the automobile which had been sold to him on June 10, 1932, under an exchange agreement that he was to have another one in its place. Under the law, if the consideration which both parties, due to mutual error, supposed existed for the contract of sale, did not in fact exist to the extent of $571.74, then, likening the rights of the parties under the exchange to their rights under a sale, the defendant is not bound to deliver the automobile under the exchange. The exchange engagement was not void, Civ. Code, art. 1881, but voidable, Civ. Code, art. 1882.

█ A seller has a right to avail himself of his lawful possession in order to protect the price which he is in danger of losing. "He who has a right of action to claim what is due to him, has a right yet more evident to use the same cause of action as an exception, in order to preserve his rights." Code Prac. art. 20; Civ. Code, art. 1882.

It is well to say that before the trial was opened in the lower court, defendant tendered to the plaintiff the old automobile, subject to the mortgage which rested on it at the time of the sale, the participation certificate, and the ten notes which had been executed and delivered to the defendant. The tender was refused. Plaintiff is still entitled to have back the things mentioned, but he is not entitled to the automobile which he was to receive in the exchange unless he delivers to defendant a highway certificate for the amount agreed on or pays cash and protects the credit price in conformity with the exchange.

Judgment affirmed; plaintiff and appellant to pay the costs in both courts.